**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TIFFANYE BREEDLOVE, as personal representative of the estate of Torey Breedlove; TAMESHA PRINCE, on behalf of T.B.1; SHARELLE TYSON, on behalf of T.B.2; TERESA JONES, on behalf of T.B.3 and T.B.4,**

        **Plaintiffs,**

**-vs-**                                              **Case No. 6:11-cv-991-Orl-28GJK**

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,**

        **Defendant.**

_____

# ORDER

In their First Amended Complaint (Doc. 23), Plaintiffs Tiffanye Breedlove, as personal representative of the estate of Torey Breedlove; Tamesha Prince, on behalf of T.B.1; Sharelle Tyson, on behalf of T.B.2; and Teresa Jones, on behalf of T.B.3 and T.B.4, (collectively, "Plaintiffs") allege that Defendant Hartford Life and Accident Insurance Company ("Hartford") failed to resolve and pay an insurance claim in a timely manner, thereby breaching an insurance contract and the implied covenant of good faith and fair dealing. This cause is before the Court on Hartford's Motion to Dismiss Count II of Plaintiffs' First Amended Complaint. (Doc. 31.) Plaintiffs filed a response in opposition. (Doc. 33.) For the reasons set forth below, Hartford's Motion to Dismiss is granted.

I. Background

On or about August 30, 2007, Torey Breedlove sought insurance coverage for accidental death and dismemberment from Hartford, which then issued him a "policy of 'Accidental Death and Dismemberment' benefits" (the "Policy"). (Compl. ¶¶ 9-10.) The Policy remained in effect through January 5, 2010, the date Torey Breedlove died of multiple gunshot wounds. (Id. ¶¶ 11-12.) Tiffanye Breedlove, personal representative of the estate of Torey Breedlove, notified Hartford of Torey Breedlove's death and made a claim for insurance benefits pursuant to the Policy. (Id. ¶ 13.) Hartford has not resolved this claim or paid any benefits pursuant to the claim. (Id. ¶ 14, 18.) Basing jurisdiction on diversity of citizenship, Plaintiffs brought this case, alleging that Hartford breached the insurance contract by failing to pay benefits pursuant to the Policy (Count I) and breached the implied covenant of good faith and fair dealing (Count II) by failing to investigate, adjust, process, pay, or settle the claim in a timely, reasonable manner. (Id. ¶¶ 2, 19, 27.) Hartford moves to dismiss Count II. (Doc. 31.)

## II. Motion to Dismiss Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.'" Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules

of Civil Procedure, a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

### III. Analysis

As an initial matter, a district court sitting in diversity applies the substantive law of the state in which it sits. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Flintkote Co. v. Dravo Corp., 678 F.2d 942, 945 (11th Cir. 1982). Therefore, Florida's substantive law applies to this case. "In determining the law of the state, federal courts must follow the decisions of the state's highest court, and in the absence of such decisions on an issue, must adhere to the decisions of the state's intermediate appellate courts unless there is some persuasive indication that the state's highest court would decide the issue otherwise." Flintkote, 678 F.2d at 945. However, "where no state court has decided the point in issue [] a federal court [may] make an educated guess as to how that state's supreme court would rule." Benante v. Allstate Ins. Co., 477 F.2d 553, 554 (5th Cir. 1973).[1]

Hartford contends that Count II should be dismissed because, in the first-party insurance context, Florida does not provide a common law cause of action for breach of an implied covenant of good faith and fair dealing for an insurer's failure to investigate and assess an insured's claim within a reasonable time. "Under Florida law, every contract contains an implied covenant of good faith and fair dealing, requiring that the parties follow

---

[1] The Eleventh Circuit adopted as binding precedent decisions of the Fifth Circuit rendered prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

-3-

standards of good faith and fair dealing designed to protect the parties' reasonable contractual expectations." Centurion Air Cargo, Inc. v. United Parcel Serv. Co., 420 F.3d 1146, 1151 (citing Cox v. CSX Intermodal, Inc., 732 So. 2d 1092, 1097 (Fla. 1st DCA 1999)). However, the Court cannot locate any authority from a Florida court that supports the position that, in the first-party insurance context, a common law cause of action exists for breach of an implied covenant of good faith and fair dealing for an insurer's failure to investigate and assess an insured's claim within a reasonable time. See Chalfonte Condo. Apartment Ass'n, Inc. v. QBE Ins. Corp., 561 F.3d 1267, 1272 (11th Cir. 2009) ("No Florida court has explicitly held that an insured may bring a claim for breach of implied warranty of good faith and fair dealing for an insurer's failure to investigate and assess its insured's claim within a reasonable period of time.")[2]

The Florida Supreme Court's opinion in Allstate Indem. Co. v. Ruiz, 899 So. 2d 1121, 1125-26 (Fla. 2005), suggests that Florida law does not provide such a cause of action. After noting that Florida provides a common law cause of action for bad faith in the third-party insurance context, the Court stated that Florida courts, traditionally and historically, did not "recognize a corresponding common law first-party action that would protect insured individuals and enable them to seek redress of harm against their insurers for the wrongful processing or denial of their own first-party claims or failure to deal fairly in claims

---

[2] In Chalfonte, the United States Court of Appeals for the Eleventh Circuit certified the following question, among others, to the Florida Supreme Court: "Does Florida law recognize a claim for breach of the implied warranty of good faith and fair dealing by an insured against its insurer based on the insurer's failure to investigate and assess the insured's claim within a reasonable period of time?" 561 F.3d at 1274. To date, the Florida Supreme Court has not resolved this question.

processing." Id. at 1125. The Court went on the explain that Florida's legislature "resolved this inequity" by creating a statutory bad faith cause of action for first-party insureds in section 624.155, Florida Statutes. Id. at 1126.

Some district courts have refused to allow plaintiffs to maintain a common law cause of action for breach of an implied covenant of good faith and fair dealing for an insurer's failure to investigate and assess a first-party insured's claim within a reasonable time, holding that such a cause of action does not exist and is a "disguised first-party bad faith claim[] not actionable separately from a claim under [s]ection 624.155, Florida Statutes." Grandrimo v. Parkcrest Harbour Island Condo. Ass'n, Inc., No. 8:10-CV-964-T-27MAP, 2011 WL 550579, at *3 (M.D. Fla. Feb. 9, 2011); see also Trianon Condo. Ass'n, Inc. v. QBE Ins. Corp., 741 F. Supp. 2d 1327, 1333-34 (S.D. Fla. 2010); Portofino South Condo. Ass'n of West Palm Beach, Inc. v. QBE Ins. Corp., 664 F. Supp. 2d 1265, 1269 (S.D. Fla. 2009); Nirvana Condo. Ass'n, Inc. v. QBE Ins. Corp., 589 F. Supp. 2d 1336, 1340 (S.D. Fla. 2008). But see Townhouses of Highland Beach Condo. Ass'n v. QBE Ins. Corp., 504 F. Supp. 2d 1307, 1310-11 (S.D. Fla. 2007) (permitting such a cause of action).

Based on the federal cases cited above and the Florida Supreme Court's opinion in Ruiz, this Court holds that Florida law does not provide for a common law cause of action, in the first-party insurance context, for breach of an implied covenant of good faith and fair dealing for an insurer's failure to investigate and assess an insured's claim within a reasonable time. Accordingly, Count II of Plaintiffs' First Amended Complaint must be dismissed for failure to state a claim upon which relief can be granted.

IV. Conclusion

In accordance with the foregoing, Defendant's Motion to Dismiss (Doc. 31) is hereby **GRANTED**. Count II of Plaintiffs' First Amended Complaint is **DISMISSED** with prejudice.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 9th day of December, 2011.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record