UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TIFFANYE BREEDLOVE,  AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
TOREY BREEDLOVE, DECEASED,
TAMESHA PRINCE, SHARELLE TYSON,
and TERESA JONES,

    Plaintiffs,

v.                                              Case No.  6:11-cv-991-Orl-28TBS

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY, HARTFORD
LIFE INSURANCE COMPANY,

    Defendants.

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Defendant Hartford Life and Accident Insurance Company's ("Hartford") Bill of Costs. (Doc. 94).  Plaintiffs have filed a memorandum in opposition to the Bill of Costs (Doc. 96) and Hartford has filed a reply (Doc. 100). The matter is now ripe for disposition.

### I. Background

Plaintiffs sued Hartford for breach of an accidental death insurance policy issued to Torey Breedlove ("Breedlove").  (Doc. 23).  Breedlove died from gunshot wounds he received during an altercation with the police.  (Id.)  Following his death, police found a stolen iPod in Breedlove's vehicle.  (Doc. 49-9).  Plaintiffs and Hartford

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

filed cross motions for summary judgment and on October 30, 2012, the Court entered its Order granting Hartford's motion and denying Plaintiffs' motion. (Docs. 49, 55 and 92). The Clerk of Court entered judgment for Hartford on October 31, 2012 and Hartford submitted its Bill of Costs on November 14, 2012. (Docs. 93 and 94). On November 26, 2012, Plaintiffs filed their Notice of Appeal. (Doc. 95).

Plaintiffs do not dispute that Hartford is the prevailing party. (Doc. 96). Hartford is requesting an award of costs consisting of fees for the Clerk of Court, fees for the service of subpoenas, the cost of transcripts obtained for use in the case, witness fees, and the cost for making copies and exemplified copies of documents. (Doc. 94). Plaintiffs oppose the award of costs to Hartford on the grounds that (1) they brought this action in good faith, (2) Hartford has not demonstrated the necessity of the costs, and (3) the award of costs would impose a significant and inequitable hardship on them. (Doc. 96). In the alternative, Plaintiffs argue that the matter of costs should be stayed pending the outcome of their appeal. (Id.)

## II. Discussion

Federal Rule of Civil Procedure 54(d) provides that except when express provision therefor is made either in a statute of the United States or the Rules of Civil Procedure, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. While Rule 54(d) gives the Court discretion, "there is a strong presumption that the prevailing party will be awarded costs." Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007). The burden to overcome this presumption is on the losing party. Rodriguez v. Whiting Farms, Inc.,

360 F.3d 1180, 1190 (10th Cir. 2004). "[T]he denial of costs is 'in the nature of a severe penalty,' and 'there must be some apparent reason to penalize the prevailing party if costs are to be denied.'" Id. (quoting Klein v. Grynberg, 44 F.3d 1497, 1507 (10th Cir. 1995)); see also U.S. EEOC v. W & O, Inc., 213 F.3d 600, 621 (11th Cir. 2000), reh'g and reh'g en banc denied, 233 F.3d 580 (11th Cir. 2000) (finding that party challenging deposition costs failed to demonstrate that any part of the depositions was not "related to an issue which was present in the case at the time the deposition was taken."). Title 28 U.S.C. § 1920 enumerates the expenses which the Court is authorized to tax as costs against the losing party. Crawford Fitting Co. v. J.T. Gibbons, Inc., 428 U.S. 437, 440 (1987).

Plaintiffs believe this case presented a "novel legal issue" and that the facts of their claim were "encouraging." (Doc. 96 at 3). For these reasons, they argue that their claim was brought in good faith and that the taxation of costs would deter other plaintiffs from filing actions on life insurance policies. (Id.) I am not persuaded by Plaintiffs' argument. Their claim, however novel, did not survive a motion for summary judgment and they have not come forward with evidence or analysis to overcome the "strong presumption" that Hartford, as the prevailing party, is entitled to recover its taxable costs. Mathews, 480 F.3d at 1276. They have also not provided the Court any reason why Hartford should be penalized by having its request for costs denied. Accordingly, I RECOMMEND that the Court OVERRULE this ground of Plaintiffs' objection.

Plaintiffs argue that if Hartford is awarded costs, it will place an enormous

hardship upon them.  They represent that Breedlove's estate is insolvent, he left four children all under the age of ten, and they do not have income to pay Hartford's costs. Plaintiffs have not filed affidavits, deposition transcripts or other proof in support of these assertions and they never motioned this Court to declare them indigent.  Even if there was evidence that Plaintiffs are indigent, the Court "may, but need not, consider financial status in making a costs award to a prevailing party."  Ellis v. C.R. Bard, Inc., 311 F.3d 1272, 1288 (11th Cir. 2002) (citing  Chapman v. AI Transp., 229 F.3d 1012, 1039 (11th Cir. 2000) ("We hold that a non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d).")).  Plaintiffs have not explained why their financial circumstances are different or unique from the circumstances of anyone else who does not have much money.  If the Court accepts Plaintiffs' argument then it would never tax costs against anyone of limited means.  In addition, Plaintiffs have not explained why it would be appropriate to penalize Hartford by denying it costs.  Accordingly, I RECOMMEND that the Court OVERRULE this ground of Plaintiffs' objection.

Plaintiffs generally object to the taxation of expedited service, handing and delivery charges.  However, they have not identified any expedited fees in Hartford's Bill of Costs and a review of Hartford's application and motion papers leads me to conclude that Hartford is not seeking reimbursement for any expedited fees or charges. Accordingly, I RECOMMEND that the Court OVERRULE this ground of Plaintiffs' objection.

Next, Plaintiffs argue that Hartford has not satisfied its burden to prove the

necessity of its costs.  They complain that they should not be taxed for service of subpoenas on Demetrius Baker and Octavia Peterson because their counsel informed Hartford that they would and did in fact accept service for Baker and Peterson. Hartford filed a copy of the Affidavit of Service on Baker and copies of correspondence concerning the Baker and Peterson depositions but has not explained how or why these papers are sufficient to dispute Plaintiffs' contentions.  Accordingly, I RECOMMEND that the Court SUSTAIN this ground of Plaintiff's objection and DENY Hartford's request for $275.00 in costs to serve these witnesses.

Plaintiffs oppose Hartford's recovery of all fees associated with Linda Reade, Jessica Parks, and Demetric Carter on the ground that Hartford disclosed these witnesses after the close of discovery and therefore, "they were obtained for impermissible use in this case."  The Court denied Plaintiffs' motion to strike witnesses Reade and Parks (Doc. 69) after finding that "Defendant's failure to disclose these witnesses . . . was substantially justified and harmless." (Doc. 91).  Carter was Breedlove's alleged accomplice in crime.  (Doc. 90).  His identity was disclosed to Plaintiffs in the first deposition taken in this case and he was one of sixteen witnesses listed in the Orange County Sheriff's Office Professional Standards Division's investigative report into the police-involved shooting of Breedlove.  (Id.)  Plaintiffs do not contend that these witnesses did not possess relevant information or that Hartford unnecessarily inquired into what they knew.  Accordingly, I  RECOMMEND that the Court OVERRULE this ground of Plaintiffs' objection.

Plaintiffs argue that Hartford failed to explain the relevance of the copies of (1)

records it obtained from Leon County; (2) records from the City of Ocoee having to do with Briggs; (3) Seminole County records concerning C. McLarnon; and (4) records from Orange County concerning witnesses D. Carter, E. Joseph and E. Gandy.  (Doc. 96 at 5).  In its reply, Hartford explains that the records it obtained from Leon County showed Breedlove's prior convictions; the records from Ocoee and Seminole County contained incident reports for two stolen iPods at least one of which was found in Breedlove's vehicle; and the Orange County records show Carter, Joseph and Gandy's criminal convictions which were relevant for impeachment purposes.  "[L]ike with depositions, in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue."  U.S. EEOC, 213 F.3d at 623.  Hartford has provided a valid explanation for why these records were relevant and necessary to its defense of this case.  Accordingly, I RECOMMEND that the Court OVERRULE this ground of Plaintiffs' objection.

Finally, Plaintiffs ask the Court to stay action on Hartford's Bill of Costs until the determination of their appeal by the Eleventh Circuit.  Plaintiffs have not motioned the Court for a stay and they have not cited legal authority or provided any analysis in support of their request.  Accordingly, and because the Court can economically deal with the issue of costs at this time, I RECOMMEND that Plaintiffs' request be DENIED.

Hartford is asking the Court to tax as a cost, the $350.00 fee it paid the Clerk of Court when it removed this action to this Court on June 15, 2011 (Doc. 1).  Recovery

-6-

of this fee is authorized by 28 U.S.C. §§ 1920(1) and 1921.  See U.S. E.E.O.C., 213 F.3d at 624.  Accordingly,I RECOMMEND that this cost item be AWARDED.

Hartford paid $55.00 per hour for a total of $880.00 to serve four records subpoenas, four deposition subpoenas and five trial subpoenas.  (Doc. 94).  The rate currently charged by the United States Marshal is $55.00 per hour for each item served plus travel costs and other out-of-pocket expenses.  28 C.F.R. § 0.144(a)(3).  Thus, Hartford's costs do not exceed the Marshal's rate.  The award of these fees is authorized by 28 U.S.C. §§ 1920(1) and 1921.  See U.S. E.E.O.C., 213 F.3d at 624.  Accordingly, with the exception of $275.00 for service of subpoenas on Baker and Peterson, I RECOMMEND that this cost item be AWARDED.

Hartford seeks $2,982.27 for printed or electronically recorded transcripts which it says were necessarily obtained for use in this case.  Plaintiffs have not raised any objection to these transcripts.  The Eleventh Circuit has held that costs for deposition transcripts are generally taxable provided they were "necessarily obtained for use in the case."  U.S. EEOC, 213 F.3d at 620-621; Woods v. DeAngelo Marine Exhaust, Inc., No. 08-81579-Civ, 2010 WL 4116571 *5 (S.D. Fla. Sept. 27, 2010).  Recovery of these fees is authorized by  28 U.S.C. § 1920(2).  See U.S. E.E.O.C., 213 F.3d at 622.  Accordingly,I RECOMMEND that this cost item be AWARDED.

Hartford paid a total of $208.98 in witness fees and mileage to Octavia Peterson, Katina Bush and Demetrius Baker in connection with their depositions and trial subpoenas.  It also paid a total of $132.80 in witness fees and milage to Linda Reade, Jessica Parks and Demetric Carter in connection with their trial subpoenas.

-7-

Title 28 U.S.C. § 1821(b) limits witness fees to $40.00 per day for each day's attendance.  Title 28 U.S.C. § 1821(c)(1) permits the reimbursement of common carrier travel expense and (c)(2) authorizes the payment of a travel allowance equal to a mileage allowance for witnesses who travel in privately owned vehicles.  The amounts paid by Hartford are within these limits and recovery of these fees is authorized by 28 U.S.C. § 1920(3).  See Woods, 2010 WL 4116571, at *9. Accordingly, I RECOMMEND that this cost item be AWARDED.

Hartford requests $993.96 for copy costs and the exemplification of copies.  I have recommended that the Court overrule Plaintiffs' objections to these costs. Recovery is authorized by 28 U.S.C. §§ 1920(4).  U.S. E.E.O.C., 213 F.3d at 624. Accordingly,I RECOMMEND that this cost item be AWARDED.

Hartford asserts and I find that with the exception of $275.00, all of the costs requested by it were actually and necessarily incurred.  Finally, I do not believe the law precludes Plaintiffs from conceding costs and to the extent they have not objected, I find they have conceded the costs sought by Hartford.

### III. Recommendation

In view of the foregoing, it is respectfully RECOMMENDED that the Court grant in part and deny in part, Hartford's Bill of Costs and that Hartford be awarded the following costs:

| | |
|---|---|
| Fees of the Clerk | $350.00 |
| Fees for service of subpoenas | $605.00 |
| Fees for transcripts | $2,982.27 |

| | |
|---|---|
| Fees for witnesses | $341.78 |
| Fees for exemplification and copies | $993.96 |
| Total | $5,273.01 |

IN CHAMBERS in Orlando, Florida, on December 28, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

    Presiding United States District Judge
    Counsel of Record