UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TIFFANYE BREEDLOVE,  AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
TOREY BREEDLOVE, DECEASED,

      Plaintiff,

v.                                Case No.  6:11-cv-991-Orl-28TBS

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY, HARTFORD LIFE
INSURANCE COMPANY,

      Defendants.

_____

ORDER

      This case is before the Court on Plaintiffs' Motion to Stay.  (Doc 103).

Defendant Hartford Life and Accident Insurance Company has filed a response.  (Doc.

106).

      Plaintiffs sued Hartford for breach of an accidental death insurance policy

issued to Torey Breedlove.  (Doc. 23).  Breedlove died from gunshot wounds he

received during an encounter with the police (Id.)  Following his death, police found a

stolen iPod in Breedlove's vehicle.[1]  (Doc. 49-9).  Plaintiffs and Hartford filed cross

motions for summary judgment and on October 30, 2012, the Court entered its Order

granting Hartford's motion and denying Plaintiffs' motion.  (Docs. 49, 55, 92).  The

Clerk of Court entered judgment for Hartford on October 31, 2012 and Hartford

_____

      [1]According to Hartford, there were actually two stolen iPod's in the vehicle.  (Doc.
105).

submitted its Bill of Costs on November 14, 2012.  (Docs. 93, 94).  On November 26, 2012, Plaintiffs filed their Notice of Appeal.  (Doc. 95).

The district judge referred Hartford's Bill of Costs to me for a report and recommendation.  (Doc. 94).  On December 28, 2012, I submitted my Report and Recommendation that the Court grant Hartford's Bill of Costs in part and award Hartford a total of $5,273.01.  (Doc. 101).  Plaintiffs filed their response to my Report and Recommendation pursuant to Fed.R.Civ.P. 72, 28 U.S.C. § 636(b)(1) and Local rule 6.02, which is still pending.  (Doc. 102).  Plaintiffs have also filed a separate motion to stay proceedings on Hartford's Bill of Costs pending the outcome of their appeal.  (Doc. 103).  Upon due consideration, Plaintiffs' motion for stay is due to be DENIED.

This case is currently on appeal to the Eleventh Circuit Court of Appeal.  (Doc. 95).  Plaintiffs cite Estate of Pidcock by and through Pidcock v. Sunnyland America, Inc., 726 F.Supp. 1322, 1323 (S.D.Ga. 1989), for the proposition that the Court, in its discretion, can postpone the award of costs until after the resolution of post-trial motions "or even the resolution of any appeal."  (Citing Farmer v. Arabian Oil Co., 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964).  (Doc. 103).  In considering a motion to stay collateral trial court proceedings pending an appeal, a Court considers: (1) whether the movant is likely to prevail on the merits of its appeal; (2) whether the movant will suffer irreparable harm absent a stay or injunction; (3) whether the other party will suffer substantial harm if the stay or injunction is issued; and (4) whether the stay or injunction is adverse to public interest.  Allied Veterans of the World, Inc. v.

Seminole County, Fla., Case No. 6:11-cv-155-Orl-28DAB, 2011 WL 3958437 *1 (M.D. Fla. Sept. 8, 2011) (citing Beta Upsilon Chi Upsilon Chapter at the Univ. of Fla. v. Machen, 586 F.3d 908, 914 n.9 (11th Cir. 2009); Hernandez v. Dugger, 839 F. Supp. 849, 851 (M.D. Fla. 1993)).

As grounds for a stay, Plaintiffs express their belief that there is a substantial likelihood that they will succeed on the merits.  "Ordinarily, the first factor is the most important."  Garcia-Mir v. Meese, 791 F.2d 1450, 1453 (11th Cir. 1986).  If the Plaintiff shows a probable likelihood of success on the merits on appeal, the Court should stay the case.  See id.  However, the Court will also grant Plaintiff's motion upon a showing of "substantial case on the merits when the balance of the equities identified in factors 2, 3, and 4 weighs heavily in favor of granting a stay."  Id.  Plaintiffs summarily argue that the Court erred in its analysis, but offer no evidence or case law to support their argument.  Accordingly, they have not met her burden of proving either a probable likelihood of success or that they have a substantial case on the merits.

Next, Plaintiffs assert that they will be irreparably harmed if the Court does not enter a stay because "there is a possibility that monies paid for costs will have to be gathered and transferred multiple times before the final successful party obtains their costs."  (Id. at 3).  The possible need to transfer money more than once does not equate to a showing of irreparable harm.

Plaintiffs final argument for a stay is that it would be a waste of judicial resources to award costs until their appeal is completed.  (Doc. 103).  I disagree because at this point, most of the work has already been done.

-3-

Accordingly, Plaintiffs' Motion to Stay (Doc. 103) is DENIED.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on January 30, 2013.

_____
THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel