UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TIFFANYE BREEDLOVE, TAMESHA
PRINCE, SHARELLE TYSON, TERESA
JONES and TERESA JONES,

    Plaintiffs,

v.                                                                                     Case No: 6:11-cv-991-Orl-28TBS

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.

## ORDER

Pending before the Court is Plaintiffs' Unopposed Motion to File Documents under Seal. (Doc. 110). On June 1, 2012, the parties filed cross motions for summary judgment. (Docs. 49, 55). The Court granted Defendant's motion (Doc. 92) and the Clerk entered judgment (Doc. 93). Plaintiffs filed their notice of appeal on November 26, 2012. (Doc. 95). On February 7, 2013, the parties concluded a successful mediation on appeal, wherein they consented to an amicable settlement. In light of Florida law requiring the approval of settlements in actions commenced on behalf of minors, the Eleventh Circuit entered its Order granting Plaintiff's motion to seal and relinquished jurisdiction to this Court for approval of the parties' settlement agreement. See Fla. Stat. § 744.387.

Plaintiffs are asking this Court to seal: (1) their motion for approval of settlement (including attachments); (2) their proposed order approving settlement; and (3) any Court Order approving settlement. Pursuant to M.D. Fla. Local Rule 3.01(g), counsel for Plaintiffs represents that she has conferred with Defendant's counsel, who has no objection to the motion.

The Courts Case Management and Scheduling Order ("CMSO") provides:

> The Court will enforce stipulated and signed confidentiality agreements. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need."

Doc. 32 at I.F.

The CMSO goes on to state:

> Whether documents filed in a case may be filed under seal is a separate issue from whether the Parties may agree that produced documents are confidential. Motions to file under seal are disfavored, and such motions will be denied unless they comply with Local Rule 1.09.

Id. at II.D

In this Circuit, it is well settled that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern" and the integrity of the judiciary is maintained by the public's right of access to court proceedings. Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (citing Landmark Commc'ns, Inc. v.Virginia, 435 U.S. 829, 839 (1978)). The public's right "includes the right to inspect and copy public records and documents." Chicago Tribune Co. et al. v. Bridgestone/Firestone, Inc. 263 F.3d 1304, 1311 (11th Cir. 2001).

Courts draw a distinction between documents filed with discovery motions and documents filed in connection with other types of motions. "'[T]here is a presumptive right of public access to pretrial motions of a non-discovery nature, whether preliminary or dispositive, and the material filed in connection therewith.'" Romero, 480 F.3d at1246 (quoting Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 164 (3d Cir

1993)).  Thus, there is a presumptive right of public access to the information the parties wish to seal.

"The common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." Romero, 480 F.3d at 1245 (quoting Chicago Tribune, 263 F.3d at 1313). In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Id. at 1246.  "Good cause is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury." Vista India, Inc. v. Raaga, LLC, Case No. 07-1262, 2008 WL 834399 *2 (D.N.J. Mar. 27, 2009).

In this district, a party seeking to file information under seal must first comply with Local Rule 1.09 which requires a motion to seal, identifying and describing each item proposed for sealing.  The motion must also include: (1) the reason that filing each item is necessary; (2) the reasons that sealing each item is necessary; (3) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (4) the proposed duration of the seal; and (5) a memorandum of legal authority supporting the seal.  M.D. Fla. Local Rule 1.09.

Plaintiffs have identified the items to be sealed.  Their first reason for asking the Court to seal the information is that this action is brought on behalf of minor children whose personal information is private and bears no relation to the events in this lawsuit.

This is a valid concern which is recognized in Local Rule 1.09(a). Therefore, the Court finds it is appropriate to seal the minor children's information. Second, Plaintiffs state that the parties have agreed to keep the terms of their settlement confidential. This ground is not sufficient to satisfy Plaintiff's burden. Still, but for the fact that this settlement involves minors, the parties could have consummated their agreement in private, followed by a joint stipulation to dismiss the case with prejudice. Third, Plaintiffs argue that the minor children may suffer emotional and physical damage if the information proposed to be sealed is made public. This argument is an extension of Plaintiff's first ground and the Court finds that it is a valid concern. Finally, Plaintiffs state that sealing this information will prevent injury to Defendant's reputation. The Court is not persuaded by this argument.

The Court has also considered the fact that this case originates from an incident in which Torey Breedlove died from gunshot wounds he sustained in an altercation with law enforcement. This underlying event is a matter of public concern. However, this controversy is between Breedlove's heirs and his insurance company, there are no public officials who are parties to this action. Lastly, the Court is influenced by the Eleventh Circuit's earlier decision to grant Plaintiff's motion to seal.

For these reasons, the Court **GRANTS** Plaintiffs' motion to file documents under seal. The Parties shall file their motion to approve their settlement agreement with the Clerk of Court, who shall seal those records. Absent further Court order, the documents shall remain under seal.

**IT IS SO ORDERED.**

**DONE** and **ORDERED** in Orlando, Florida on May 9, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record